IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-49-BO
No. 4:16-CV-284-BO

| | | |
|---|---|---|
| EUGENE WILLIAMS, | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|       Respondent. | ) | |

This matter is before the Court on petitioner's motion to appoint counsel [DE 42] and
motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 43, 46]. The
government filed a motion to dismiss [DE 52], and petitioner responded and filed a counter-
motion to dismiss [DE 55]. The matters are fully briefed and ripe for adjudication. For the
following reasons, the government's motion to dismiss is granted and petitioner's motion to
appoint counsel and § 2255 petition are denied.

BACKGROUND

On November 5, 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to
possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1)
(Count Two) and possession of a firearm in furtherance of a drug trafficking crime, in violation
of 18 U.S.C. § 924(c) (Count Three). [DE 25, 26]. On March 7, 2016, the Court sentenced
petitioner to 36 months' imprisonment and 10 years' supervised release on Count Two and 60
months' imprisonment and 5 years' supervised release on Count Three. [DE 30, 31]. The terms
of imprisonment were ordered to run consecutively to each other, while the terms of supervised
release were ordered to run concurrently with each other. [DE 31]. Petitioner appealed his

judgment. [DE 33]. On December 2, 2016, the United States Court of Appeals for the Fourth Circuit affirmed the conviction in an unpublished *per curiam* opinion. [DE 40].

On December 27, 2016, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE 46]. In his motion, petitioner raises the following claims: (1) that the Court failed to inform petitioner of the essential elements of the offenses to which he pleaded guilty [DE 46 at 4]; (2) that counsel was ineffective for failing to investigate petitioner's case and raise "any defenses [on] behalf" of petitioner [DE 46 at 5]; and (3) that the Court exceeded the statutory maximum when it sentenced petitioner to 10 years' supervised release [DE 46 at 6]. Petitioner also filed a motion to appoint counsel to represent him in this matter. [DE 42]. In response, the government filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 52]. Petitioner responded in opposition to the motion to dismiss and filed a counter-motion to dismiss the government's motion. [DE 55].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the

District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner first argues that his plea bargain was not voluntary or knowing because the Court failed to inform petitioner of the essential elements of the offenses to which he pleaded guilty. However, this claim is belied by petitioner's own statements made before the undersigned in court. At the outset of petitioner's Rule 11 hearing, the Court placed petitioner under oath. [DE 38 at 2]. The Court then discussed petitioner's written plea agreement with petitioner. The Court confirmed that petitioner had read the plea agreement; that petitioner understood the plea agreement; that petitioner went over the plea agreement with counsel; and that petitioner did not have any questions for the Court regarding the plea agreement. [DE 38 at 5–6]. The Court also informed petitioner that the "elements of Count Two and Three are set out in Paragraph Three specifically." [DE 38 at 6; *see also* DE 26 at 2–4]. After describing other aspects of the plea agreement, the Court asked petitioner if "that [was] what [he] agreed to," and petitioner answered in the affirmative. [DE 38 at 6].

"[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). Because petitioner confirmed, under oath, that he understood the charges against him and had read and understood the plea agreement, petitioner's first claim must fail.

Petitioner next raises a claim of ineffective assistance of counsel in support of his motion to vacate his sentence. In order to demonstrate that the assistance of counsel fell below the level of effectiveness guaranteed by the Sixth Amendment, petitioner must show (1) deficient

performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Strickland*, 466 U.S. at 697.

To prevail under the prejudice prong of *Strickland* when challenging a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A petitioner must further convince the court that going to trial "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

Petitioner alleges that counsel was ineffective for failing to investigate his case and raise defenses on his behalf. The claim fails to establish prejudice under *Strickland*. Based on the factual basis recited by the government at petitioner's Rule 11 hearing, petitioner cannot establish that it would have been objectively reasonable to proceed to trial. Law enforcement located heroin, packaging materials, a digital scale, and a firearm in a hotel room occupied by petitioner and a female who was the subject of a missing person report. [DE 38 at 7]. The female

stated that petitioner brought the firearm into the room and that another male brought the heroin "for [petitioner] to package." [DE 38 at 7]. This information was consistent with the information described in the presentence investigation report, to which petitioner did not object. [DE 27]. Given this evidence, it would have been objectively unreasonable to proceed to trial and challenge to two charges to which he pled guilty, and petitioner therefore cannot show that counsel was ineffective.

Petitioner's third claim fails because a sentence of 10 years' supervised release was authorized under 21 U.S.C. § 841(b)(1)(C). Specifically, that subsection states: "Notwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall . . . impose a term of supervised release of at least 3 years . . . ." 21 U.S.C. § 841(b)(1)(C).

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

Petitioner also filed a motion requesting that the Court appoint counsel to assist him with filing the instant motion under § 2255. "[A] movant under § 2255 is not automatically entitled to counsel," *United States v. Dean*, 933 F.2d 1002 (4th Cir. 1991) (unpublished), and appointment of counsel in civil matters should only occur in exceptional cases. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Petitioner has presented no exceptional circumstances here. Moreover, as discussed above, petitioner has not demonstrated that he has a colorable claim, *see Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978), or that any other basis exists that would support appointment of counsel. Petitioner's motion to appoint counsel is therefore denied.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, the Court declines to grant a certificate of appealability.

CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 52] is GRANTED and petitioner's counter motion to dismiss [DE 55] is DENIED and motion to vacate pursuant to 28 U.S.C. § 2255 [DE 43, 46] is DISMISSED. Petitioner's motion to appoint counsel [DE 42] is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this _18_ day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE