IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-49-BO-1
No. 4:16-CV-284-BO

| | |
|---|---|
| EUGENE WILLIAMS,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)  O R D E R<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion under Rule 59 of the Federal Rules of Civil Procedure to reconsider the Court's order dismissing petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 58]. Petitioner previously filed a § 2255 motion challenging his plea agreement and sentence and alleging ineffective assistance of counsel. [*See* DE 46, 56].

## DISCUSSION

A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The decision to alter or amend a judgment is committed to the discretion of the district court, and the Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that the court has committed a clear error of law or manifest injustice. *See, e.g., Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

Petitioner argues that the Court's order should be altered and his conviction vacated because: (1) this Court "committed felonies" by failing "to inform petitioner that he was entering an Article IV admiralty jurisdiction where petitioner had no rights"; (2) because his plea agreement was not entered into knowingly; and (3) because counsel was ineffective.

As to petitioner's first claim, petitioner has not stated any sound reason in law for altering the Court's judgment. This matter was not at any time in maritime jurisdiction, and petitioner was afforded all his due rights under the Constitution and laws of the United States. As to petitioner's second and third claims, petitioner has restated arguments made in previous motions and which were addressed by the Court's previous order, and petitioner has not stated any change in controlling law, new evidence, or clear error meriting an alteration or amendment of the judgment. As previously noted, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). Because petitioner confirmed, under oath, that he understood the charges against him and had read and understood the plea agreement, petitioner's challenge his knowledge or the voluntariness of his plea agreement must fail. Insofar as petitioner claims counsel was ineffective for failing "to advise the defendant that he should file an application for leave to appeal from the defective guilty plea," this claim is belied by the fact that defendant did appeal his conviction to the Fourth Circuit Court of Appeals, which affirmed his conviction and sentence on December 2, 2016. [DE 40].

## CONCLUSION

For the foregoing reasons, petitioner's motion to alter or amend judgment [DE 58] is DENIED.

SO ORDERED, this __1__ day of July, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3