IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Criminal No. 4:15-cr-00049-BO-1
Civil No. 4:16-cv-00284-BO

| | | |
|---|---|---|
| EUGENE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause is before the court on petitioner's motion for relief from judgment [D.E. 68]. For the reasons discussed below, the court will dismiss the motion without prejudice.

## BACKGROUND:

On November 5, 2015, pursuant to a written plea agreement, petitioner pleaded guilty to possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). [D.E. 25, 26]. On March 7, 2016, the court sentenced petitioner to, among other things, 36 months' imprisonment on the drug charge and 60 consecutive months' imprisonment on the firearm charge. [D.E. 30, 31]. Petitioner appealed. [D.E. 33]. On December 2, 2016, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the court's judgment. [D.E. 40].

On December 19, 2016, petitioner signed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [D.E. 46]. On May 18, 2017, the court dismissed the section 2255 motion. [D.E. 56]. Petitioner both moved for reconsideration and appealed to the Fourth Circuit. [D.E. 58, 59]. On July 1, 2017, the court denied petitioner's motion for reconsideration. [D.E. 62].

On October 3, 2017, the Fourth Circuit dismissed petitioner's appeal. [D.E. 66].

On October 27, 2017, petitioner filed the instant motion for relief from judgment pursuant to various provisions of Federal Rule of Civil Procedure 60. [D.E. 68]. Petitioner argues that a United States Magistrate Judge lacks "subject matter jurisdiction" to accept a felony plea. Id. at 1. Further, petitioner contends that, because his guilty plea was accepted by the Magistrate Judge at his initial appearance, this constitutes "fraud on the court" under Rule 60(d), renders the judgment void under Rule 60(b)(4), and/or provides justification for relief under Rule 60(b)(6). See id. at 1–2.

In a response in opposition, respondent contends petitioner's instant Rule 60 motion is actually an impermissible second or successive section 2255 motion that the court lacks jurisdiction to consider. Resp't's Resp. Opp'n [D.E. 71].

DISCUSSION:

Federal Rule of Civil Procedure 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "Fraud on the court is . . . limited to the more egregious forms of subversion of the legal process . . . that we cannot necessarily expect to be exposed by the normal adversary process." Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 675 F.2d 1349, 1357 (4th Cir.1982); see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) ("Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances.").

Rule 60(b) allows the court to grant relief from a final order for any of six reasons, including when "the judgment is void," Fed. R. Civ. P. 60(b)(4), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). "Before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional

2

circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After meeting this threshold requirement, "the party then must satisfy one of the six specific sections of Rule 60(b)." Id.

Although petitioner filed the instant action as a motion pursuant to Federal Rule of Civil Procedure 60, see [D.E. 68], the court will "classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)). The court construes petitioner's Rule 60 motion as an attempt to avoid the Antiterrorism and Effective Death Penalty Act ("AEDPA") restrictions on section 2255 motions. See United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015). Accordingly, regardless of the label petitioner wishes to apply, the court finds that the instant action actually constitutes a section 2255 motion.

As noted above, petitioner has already brought section 2255 motion that the court dismissed. See [D.E. 46, 56]. A prisoner cannot bring a "second or successive" section 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Here, because petitioner has not received prior authorization from the Fourth Circuit, the court lacks jurisdiction to consider the instant second or successive petition. See Winestock, 340 F.3d at 205.

Alternatively, even if the court possesses jurisdiction to consider petitioner's Rule 60 motion, this motion still would fail. Petitioner's underlying contention–that a United States Magistrate Judge improperly accepted a guilty plea at his initial appearance–is flatly contradicted by record. The court has reviewed the audio recording of petitioner's initial appearance on July 30, 2015, and observes

that a plea was neither requested nor entered during that proceeding. Taking judicial notice of its own docket, the court notes that petitioner's guilty plea actually was accepted by the undersigned judge on November 5, 2015, during a proceeding pursuant to Fed. R. Crim. P. 11. See [D.E. 38].

Succinctly stated, petitioner is not entitled to Rule 60 relief. The record cannot support petitioner's claim of "fraud on the court" under Rule 60(d)(3). See Great Coastal Exp., Inc., 675 F.2d at 1357. Further, because petitioner cannot show a "meritorious defense," petitioner likewise fails to meet Rule 60(b)'s threshold requirement. See Dowell, 993 F.2d at 48; see also Ebersole v. Kine-Perry, 292 F.R.D. 316, 321 (E.D. Va. 2013) (quoting United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982), for the proposition that, to establish the existence of a meritorious defense under Rule 60(b), a petitioner must present evidence that would permit the court to find in his favor).

Finally, after reviewing petitioner's filing in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION:

For the reasons discussed above, the court DISMISSES WITHOUT PREJUDICE the instant action because the court lacks jurisdiction to consider this second or successive section 2255 motion or, alternatively, because petitioner fails to meet the requirements for relief under Fed. R. Civ. P. 60. The court further DENIES a Certificate of Appealability.

SO ORDERED. This 5 day of November 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
Chief United States District Judge

4